


JOHN L. BURRIS, Esq./ State Bar # 69888
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882

GAYLA B. LIBET, Esq./ State Bar # 109173
LAW OFFICES OF GAYLA B. LIBET
486 41st Street, # 3
Oakland, CA 94609
Telephone and Facsimile: (510) 420-0324

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORAJ ERANDA WEERASINGHE,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF EL CERRITO, a municipal corporation; SCOTT KIRKLAND, in his capacity as Chief of Police for CITY OF EL CERRITO; DONOVAN BROSAS, individually, and in his capacity as an El Cerrito police officer; and, DOES 1-25, inclusive,<br><br>        Defendants. | Action No. C07-05916 MEJ<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES** |

### JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of El Cerrito, California, which is within this judicial district. Venue is conferred upon this Court by Title 28 United States Code Section 1391(b).

## PARTIES

2. Plaintiff is, and at all times herein mentioned was, a citizen of the United States residing in El Cerrito, in the County of Alameda, California.

3. Defendant CITY OF EL CERRITO (hereinafter referred to as "CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. At all times herein mentioned, defendant, SCOTT KIRKLAND, was the Chief of Police for the CITY. Defendant, SCOTT KIRKLAND, is sued herein in his capacity as the Chief of Police for the CITY.

4. At all times mentioned herein, defendants DONOVAN BROSAS, and DOES 1-25, inclusive, were employed by defendant CITY as police officers. Defendant police officers are sued herein individually, and in their capacity as police officers for defendant CITY. In engaging in the conduct described herein, defendant police officers acted under color of law and in the course and scope of their employment by defendant CITY. In engaging in the conduct described herein, defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by defendant CITY.

5. DOES 1-10, inclusive, are defendant police officers employed by defendant CITY, acting within the course and scope of their employment by defendant CITY, who were directly involved in the wrongful assault against plaintiff, and the wrongful and false detention of plaintiff, as described hereinafter.

6. DOES 11-25, inclusive, are defendant police officers employed by defendant CITY, acting within the course and scope of their employment by defendant CITY, who were employed in a supervisory capacity by defendant CITY and were responsible in some manner for properly and adequately hiring, retaining, supervising, disciplining, and training defendant police officer DONOVAN BROSAS and DOES 1-10, in the proper and reasonable use of force, effecting proper detentions and arrests, and treating persons in a manner that is not racially discriminatory.

7. Plaintiff is ignorant of the true names and capacities of defendant DOES 1-25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

damages suffered by plaintiff as set forth herein. Plaintiff will amend his Complaint to state the true names and capacities of defendants DOES 1 through 25, inclusive, when they have been ascertained.

8. In engaging in the conduct described herein, defendant police officers acted under the color of law and in the course and scope of their employment with defendant CITY. In engaging in the conduct described herein, defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions, and as employees of defendant CITY.

9. For State causes of action related to Federal claims, plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

## STATEMENT OF FACTS

10. On August 23, 2006, at approximately 2:00 a.m., plaintiff MORAJ ERANDA WEERASINGHE was inside of his own vehicle with friends, parked in front of his house, located at 1415 Richmond Street, in El Cerrito, California. At this time, defendant police officer DONOVAN BROSAS, without any just provocation or cause, drew his gun, pointed it at plaintiff, and said, "Don't you fucking move, or I will shoot you." Defendant BROSAS repeated this a couple of times, and called for backup. Shortly thereafter, a line of 5-10 police cars arrived and parked in a line down the block.

11. Then, DOE defendant police officer came up to plaintiff, who was still sitting in his car with friends, and threatened plaintiff in the same manner that defendant BROSAS had, namely: DOE defendant police officer drew his gun, pointed it at plaintiff, and told him not to move or he would shoot plaintiff. Then, defendant officers ordered plaintiff to exit his vehicle, and he complied. Defendant officers ordered plaintiff to sit on the sidewalk curb, and he complied.

12. Plaintiff asked what was going on, and told the defendant officers that this was his car and he lived in the house right there at 1415 Richmond Street, in El Cerrito, California. Plaintiff added that his I.D. showed that was his address, and further offered to let the officers inside his house with his house keys. Defendant officers would not listen to plaintiff. Plaintiff asked for a sweater

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

or something to keep him warm, and asked if he could get up from sitting on the curb. Despite plaintiff telling defendant officers that he was suffering from back pain for which he was being treated, and that his back pain was being exacerbated by sitting in the cold, defendant officers refused to let him stand up, and did not give him anything to keep him warm.

13. Defendant officers made plaintiff sit outside in the cold on the curb in front of his own house for no reason for about one hour, before defendant officers finally allowed plaintiff to call his brother who was inside the house, by using his cell phone. Plaintiff's brother answered the phone call, and then came outside and verified to defendant officers that plaintiff owned the vehicle he was sitting in, and that the house was indeed plaintiff's residence. Defendant officers searched plaintiff, and then finally released him without giving him any citation.

14. Plaintiff had not done anything to provoke this assault on him, and did nothing to physically resist these officers. Further, plaintiff was unarmed. Further, plaintiff complied with all orders given to him by defendant police officers during this incident.

15. The above-described assault and wrongful detention of plaintiff by defendant police officers was brutal, malicious, and was done without any just provocation or cause, proximately causing injuries and damages to plaintiff.

## DAMAGES

16. As the direct and proximate result of defendants' wrongful conduct, including assault; false detention and imprisonment; and violation of civil rights, plaintiff was injured and damaged, as set forth herein.

17. As a direct and proximate result of defendant officers' wrongful conduct, plaintiff suffered the following injuries and damages:

a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

b. Loss of physical liberty;

c. Physical injuries, pain and suffering, emotional trauma and suffering, and medical expenses;

d. Violations of the following clearly established and well-settled federal constitutional rights include but are not limited to: (1) freedom from unreasonable search and seizure of their persons

under the Fourth Amendment to the United States Contitution; and, (2) right to equal protection under the Fourteenth Amendment to the United States Constitution;

   e. The conduct of named defendant police officers; and DOES 1-10, inclusive, was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said defendant police officers; and,

   f. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

### FIRST CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Against defendant police officers DONOVAN BROSAS, and DOES 1-10, inclusive)

18. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 17 of this Complaint.

19. In doing the acts complained of herein, named defendant police officer and DOES 1-10, inclusive, acted under color of law to deprive plaintiff of certain constitutionally protected rights including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

   c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

   d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Against defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive)

20. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 19 of this Complaint.

21. Plaintiff is informed and believes and thereon alleges that prior to the date of the subject incident on 8-23-06, defendant police officers DONOVAN BROSAS and DOES 1-10 had a history of engaging in acts of assault; effecting false arrests; and treating persons in a racially discriminatory manner, of which defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive, knew or reasonably should have known for some time prior to the subject incident involving plaintiff.

22. Plaintiff is informed and believes and thereon alleges that despite having such notice of defendant BROSAS and DOE police officers' prior misconduct, defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and civil rights violations by defendant BROSAS and DOE police officers.

23. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the prior misconduct of defendant BROSAS and DOE police officers, defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized defendant BROSAS and DOE police officers to continue their course of misconduct, resulting in the violation of plaintiff's rights and injuries and damages to plaintiff as alleged herein.

24. Defendant CITY, by and through its supervisory employees and agents, SCOTT KIRKLAND, Chief of Police for defendant CITY, and DOES 11-25, inclusive, has and had a mandatory duty of care imposed on it by the 4th and 14th Amendments to the United States Constitution, to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens as the proximate result of CITY police officers assaulting, effecting false arrests and imprisonments, and/or subjecting persons to racially discriminatorily motivated misconduct. With deliberate indifference, defendants CITY, ? , and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights and injuries to plaintiff. With deliberate indifference, defendants CITY, SCOTT KIRKLAND, and DOES 11-25, inclusive, breached their duty of care to plaintiff in that: (1) They failed to adequately hire, retain, supervise, discipline, and

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES                                6

train police officers, including defendants DONOVAN BROSAS and DOES 1-10, in the proper use of force; effecting proper and reasonable arrests and detentions; and treating citizens in a manner that is not racially discriminatory; (2) They failed to have adequate policies and procedures regarding proper use of force; effecting proper arrests and detentions; and treating citizens in a manner that is not racially discriminatory; (3) They acted with deliberate indifference, in reckless and/or conscious disregard of the prior misconduct of defendant police officers DONOVAN BROSAS and DOES 1-10, and, (4) They approved, ratified, condoned, encouraged and/or tacitly authorized defendant police officers DONOVAN BROSAS and DOES 1-10 to continue their course of misconduct of unreasonable assaults; effecting false arrests and detentions, and treating persons in a manner that is racially discriminatory, resulting in violation of plaintiff's rights, and injuries and damages to plaintiff as alleged herein..

25. This lack of adequate hiring, retention, supervision, training, and discipline of defendant police officers DONOVAN BROSAS and DOES 1-10 demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing unreasonable assaults; wrongful false arrests and detentions; and treating persons in a racially discriminatory manner by police officers employed by defendant CITY.

26. The above-described misconduct by defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive, resulted in the deprivation of plaintiff's constitutional rights, including but not limited to the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

   c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

   d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

   Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the

United States Constitution.

27. Further, the acts of defendant police officers DONOVAN BROSAS and DOES 1-10 alleged herein, are a direct and proximate result of the abovementioned wrongful conduct of defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive. Plaintiff's injuries and damages were a foreseeable and proximate result of the the abovementioned wrongful conduct of defendant police officers DONOVAN BROSAS and DOES 1-10, and the abovementioned wrongful conduct of CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Assault)
(Against defendant police officers DONOVAN BROSAS, and DOES 1-10, inclusive)

28. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 27 of this Complaint.

29. Named defendant police officer and defendants DOES 1-10, inclusive, placed plaintiff in immediate fear of death and severe bodily harm by assaulting him without any just provocation or cause, by repeatedly pointing their guns at plaintiff and threatening to shoot him. Said defendants' conduct was neither privileged nor justified under statute or common law.

30. As a proximate result of said defendants' conduct, plaintiff suffered damages as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
(False Arrest and Imprisonment)
(Against defendant police officers DONOVAN BROSAS, and DOES 1-10, inclusive)

31. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 30 of this Complaint.

32. Named defendant police officer and defendants DOES 1-10, inclusive, falsely detained and imprisoned plaintiff without just provocation or probable cause. Plaintiff had not committed any crime, and there was no basis upon which defendant officers could have reasonably believed that

plaintiff had committed a crime.

33. Said defendant officers failed to observe proper or reasonable procedures in falsely detaining and/or arresting and imprisoning plaintiff without probable cause.

34. As a proximate result of said defendants' conduct, plaintiff suffered damages as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against defendant police officers DONOVAN BROSAS, and DOES 1-10, inclusive)

35. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 36 of this Complaint.

36. The conduct of named defendant police officer and defendants DOES 1-10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Said defendants committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon plaintiff.

37. As a proximate result of said defendant officers' willful, intentional and malicious conduct, plaintiff suffered severe and extreme mental and emotional distress. Therefore, plaintiff is entitled to an award of punitive damages against said defendants. Plaintiff has suffered injuries and damages as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1)
(Against defendant police officers DONOVAN BROSAS, and DOES 1-10, inclusive)

38. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 37 of this Complaint.

39. The conduct of named defendant police officers and defendants DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for defendant CITY, violated California Civil Code Section 52.1, in that they interfered with plaintiff's exercise and enjoyment of his civil rights, by assaulting him, and wrongfully detaining and/or arresting and imprisoning

plaintiff. Further, said defendant officers violated plaintiff's right to be from racial discrimination pursuant to the 14th Amendment of the U.S. Constitution; California Constitution; and various federal and California statutes, including California Civil Code Section 52.1, in that their misconduct towards plaintiff was motivated by racial animus.

40. As a direct and proximate result of said defendants' violation of Civil Code Section 52.1, plaintiff suffered violation of his constitutional rights, and suffered damages as set forth herein.

41. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, plaintiff prays for relief, as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
(Negligence)
(Against defendant police officers DONOVAN BROSAS, and DOES 1-10, inclusive)

42. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 41 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

43. At all times herein mentioned, named defendant police officer and defendants DOES 1-10, inclusive, were subject to a duty of care to avoid causing injuries and damages to persons by not unreasonably and wrongfully assaulting them, and by not effecting wrongful detentions and arrests. The wrongful conduct of said defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers acting in similar circumstances, proximately causing plaintiff to suffer injuries and damages as set forth herein.

44. As a proximate result of said defendants' negligent conduct, plaintiff suffered severe and extreme emotional and mental distress and injury, having a traumatic effect on plaintiff's emotional tranquility, and damages.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
(Negligent Hiring, Retention, Training, Supervision, and Discipline)
(Against defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive)

45. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 44 of

this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

46. Plaintiff is informed and believes and thereon alleges that prior to the date of the subject incident on 8-23-06, defendant police officers DONOVAN BROSAS and DOES 1-10, inclusive, had a history of engaging in acts of assault; effecting false arrests and detentions, and/or treating persons in a racially discriminatory manner, of which defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive, knew or reasonably should have known for some time prior to the subject incident involving plaintiff on 8-23-06.

47. Plaintiff is informed and believes and thereon alleges that despite having such notice of DONOVAN BROSAS' and DOE 1-10 defendant police officers' prior misconduct, defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive, negligently ratified, condoned, encouraged and/or tacitly authorized the continuing misconduct and civil rights violations by defendant police officers DONOVAN BROSAS and DOES 1-10, inclusive, of unreasonable and wrongful assaults; effecting false arrests and detentions; and/or treating persons in a racially discriminatory manner.

48. Plaintiff is further informed and believes and thereon alleges that as a result of their reckless and/or conscious disregard of the prior misconduct of defendant police officers DONOVAN BROSAS and DOES 1-10, inclusive, defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized defendant police officers DONOVAN BROSAS and DOES 1-10, inclusive, to continue their course of misconduct, resulting in the violation of plaintiff's rights and injuries and damages to plaintiff as alleged herein.

49. Defendant CITY, by and through its supervisory employees and agents, SCOTT KIRKLAND, Chief of Police for CITY, and DOES 11-25, inclusive, has and had a mandatory duty of care imposed on it by the 4th and 14th Amendments to the United States Constitution, to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to persons as the proximate result of CITY police officers'

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES                                    11

unreasonable assaults; effecting false arrests, detentions, and imprisonments; and/or subjecting persons to racially discriminatorily motivated misconduct. Defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive, negligently failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights and injuries to plaintiff. Defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive, breached their duty of care to plaintiff in that: (1) They negligently failed to adequately hire, retain, train, supervise, and/or discipline CITY police officers, including defendants DONOVAN BROSAS and DOES 1-10, inclusive, in the proper and reasonable use of force; effecting proper and reasonable arrests and detentions; and/or treating persons in a manner that is not racially discriminatory; (2) They negligently failed to have adequate policies and procedures regarding proper and reasonable use of force; effecting proper and reasonable arrests and detentions; and/or treating persons in a manner that is not racially discriminatory; (3) They acted with reckless and/or conscious disregard of the prior misconduct of defendant police officers DONOVAN BROSAS and DOES 1-10, inclusive, by negligently failing to adequately hire, retain, train, supervise, and/or discipline CITY police officers, including defendant police officers DONOVAN BROSAS and DOES 1-10, includive, in the use of reasonable force; effecting proper and reasonable arrests and detentions; and/or treating persons in a manner that is not racially discriminatory; and, (4) They approved, ratified, condoned, encouraged and/or tacitly authorized defendant police officers DONOVAN BROSAS and DOES 1-10, includive, to continue their course of misconduct, resulting in the violation of plaintiff's rights, and injuries and damages to plaintiff as alleged herein.

50. The above-described negligent misconduct by defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive, resulted in the deprivation of plaintiff's constitutional rights, including but not limited to the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the

United States Constitution; and,

    d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

    Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

    51. Further, the acts of defendant police officers DONOVAN BROSAS and DOES 1-10, inclusive, alleged herein, are a direct and proximate result of the abovementioned negligent wrongful conduct of defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive. Plaintiff's injuries and damages were a foreseeable and proximate result of the abovementioned wrongful conduct of defendant police officers DONOVAN BROSAS and DOES 1-10, inclusive, and the abovementioned wrongful conduct of defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive.

    52. Defendant CITY is liable to plaintiff pursuant to Govt. Code Section 815.6; and defendants SCOTT KIRKLAND and DOES 11-25, inclusive, are liable to plaintiff pursuant to Govt. Code Sections 820.2 and 820.4, for plaintiff's injuries and damages hereinafter set forth.

    WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
(Vicarious Liability)
(Against defendant CITY OF EL CERRITO)

    53. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 52 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

    54. Pursuant to Government Code Section 815.2(a), defendant CITY OF EL CERRITO is vicariously liable to plaintiff for his injuries and damages alleged herein, incurred as a proximate result of the aforementioned intentional and/or negligent wrongful conduct of defendant police officers DONOVAN BROSAS and DOES 1-25, inclusive, as set forth in plaintiff's First Cause of Action, and Third through Eighth Causes of Action herein.

    55. As a proximate result of defendants' conduct, plaintiff suffered injuries and damages, as

hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

56. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, plaintiff prays for relief, as follows:

1. For general damages in the sum of $ 100,000.00;

2. For special damages according to proof;

3. For punitive damages against defendant police officers DONOVAN BROSAS and DOES 1-10, inclusive, according to proof;

4. For injunctive relief enjoining defendant CITY OF EL CERRITO from authorizing, allowing, or ratifying the practice by any of their employees of making unreasonable and wrongful assaults on persons; effecting unreasonable and improper arrests, detentions, and imprisonments of persons; and, from treating persons in a manner that is racially discriminatory, in violation of California Civil Code Section 52.1;

5. For violation of California Civil Code Sections 52 and 52.1, punitive damages against defendant police officers DONOVAN BROSAS and DOES 1-10, inclusive; $ 75,000.00 for each offense; and reasonable attorney's fees;

6. For reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988;

7. For costs of suit herein incurred; and,

8. For such other and further relief as the Court deems just and proper.

LAW OFFICES OF GAYLA B. LIBET

Dated: 11-21-07    By: /s/ Gayla B. Libet
GAYLA B. LIBET, Esq.
Attorneys for Plaintiff