JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
CITY OF EL CERRITO, SCOTT KIRKLAND and DONOVAN BROSAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORAJ ERANDA WEERASINGHE,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF EL CERRITO, a municipal corporation; SCOTT KIRKLAND, in his capacity as Chief of Police for CITY OF EL CERRITO; DONOVAN BROSAS, individually, and in his capacity as an El Cerrito police officer; and, DOES 1-25, inclusive,<br><br>Defendants. | Case No. C07-05916 MEJ<br><br>**ANSWER TO COMPLAINT** |

This answer is being submitted by named Defendant DONOVAN BROSAS, individually, and in his capacity as an El Cerrito police officer. Except as indicated otherwise, Defendant DONOVAN BROSAS, along with the previously answering parties, the CITY OF EL CERRITO and SCOTT KIRKLAND, will be referred hereto as answering Defendants in light of their unity of interests in the defense of this matter.

## **JURISDICTION**

1. These answering Defendants neither admit nor deny the allegations in paragraph 1 as they are legal matters not proper for admission or denial.

///

## PARTIES

2. In answering paragraphs 2 through 9, these answering Defendants respond as follows.

3. These answering Defendants neither admit nor deny the allegations in paragraph 2 relating to the Plaintiff.

4. These answering Defendants admit that the City of El Cerrito is a municipal corporation organized under the laws of the State of California. These answering Defendants also admit that Defendant SCOTT KIRKLAND, at all relevant times, is the Chief of Police for the City of El Cerrito, per the allegations in paragraph 3.

5. These answering Defendants admit that named Defendant DONOVAN BROSAS, is, and was at all relevant times, employed by the City of El Cerrito as a police officer and was acting under color of law in the course and scope of his employment by the City of El Cerrito at the time of the incident alleged in Plaintiff's complaint, per the allegations in paragraph 4. Defendants deny the remaining allegations in paragraph 4.

6. These answering Defendants deny the allegations in paragraphs 5 through 8.

7. These answering Defendants neither admit nor deny the allegations in paragraph 9 as they are legal matters not proper for admission or denial.

## STATEMENT OF FACTS

8. In answering paragraphs 10 through 15, these answering Defendants respond as follows. Defendants admit that on August 23, 2006, at approximately 2:00 a.m., Plaintiff was detained by Officer Brosas of the El Cerrito Police Department and other officers. Such detention was brief and was effected so Officer Brosas could investigate suspicious circumstances that appeared to Officer Brosas to be a possible automobile burglary in process. For officer safety and other reasons, Officer Brosas detained Plaintiff and the other involved subjects at gunpoint until other cover officers could arrive. At no time did Officer Brosas or any other officer have any physical contact with the Plaintiff. These answering Defendants deny the remaining allegations of paragraphs 10 through 15.

## DAMAGES

9. Defendants deny the allegations in paragraphs 16 through 17.

## FIRST CAUSE OF ACTION

10. In answering paragraphs 18 through 19, Defendants re-allege their responses to paragraphs 1 through 17 of Plaintiffs complaint. Defendants deny the allegations in paragraphs 18 through 19.

## SECOND CAUSE OF ACTION

11. In answering paragraphs 20 through 27, Defendants re-allege their responses to paragraphs 1 through 17 of Plaintiffs complaint. Defendants deny the allegations in paragraphs 20 through 27.

## THIRD CAUSE OF ACTION

12. In answering paragraphs 28 through 30, Defendants re-allege their responses to paragraphs 1 through 17 of Plaintiffs complaint. Defendants deny the allegations in paragraphs 28 through 30.

## FOURTH CAUSE OF ACTION

13. In answering paragraphs 31 through 34, Defendants re-allege their responses to paragraphs 1 through 17 of Plaintiffs complaint. Defendants deny the allegations in paragraphs 31 through 34.

## FIFTH CAUSE OF ACTION

14. In answering paragraphs 35 through 37, Defendants re-allege their responses to paragraphs 1 through 17 of Plaintiffs complaint. Defendants deny the allegations in paragraphs 35 through 37.

## SIXTH CAUSE OF ACTION

15. In answering paragraphs 38 through 41, Defendants re-allege their responses to paragraphs 1 through 17 of Plaintiffs complaint. Defendants deny the allegations in paragraphs 38 through 41.

## SEVENTH CAUSE OF ACTION

16. In answering paragraphs 42 through 44, Defendants re-allege their responses to

paragraphs 1 through 17 of Plaintiffs complaint. Defendants deny the allegations in paragraphs 42 through 44.

### EIGHTH CAUSE OF ACTION

17. In answering paragraphs 45 through 52, Defendants re-allege their responses to paragraphs 1 through 17 of Plaintiffs complaint. Defendants deny the allegations in paragraphs 45 through 52.

### NINTH CAUSE OF ACTION

18. In answering paragraphs 53 through 55, Defendants re-allege their responses to paragraphs 1 through 17 of Plaintiffs complaint. Defendants deny the allegations in paragraphs 53 through 55.

### JURY DEMAND

19. These answering Defendants neither admit nor deny the allegations in paragraph 56 as they are legal matters not proper for admission or denial.

20. These answering Defendants hereby demand a jury trial in this matter.

### PRAYER OF PLAINTIFF

21. Defendants deny the allegations and/or prayer for relief of Plaintiff under the "Prayer" section of Plaintiff's complaint, pg. 14:6-20.

### AFFIRMATIVE DEFENSES

1. AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, these answering defendants allege that said Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

2. AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff has failed to state facts sufficient to support a prayer for punitive damages against these answering Defendants in Plaintiffs' Complaint herein.

3. AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times and places mentioned in the Complaint herein, the Plaintiff failed to mitigate the amount of his damages, if any. The damages claimed by Plaintiff

could have been mitigated by due diligence on his part or by one acting under similar circumstances. The Plaintiff's failure to mitigate is a bar to his recovery under the Complaint.

4. AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's own negligence in and about the matters alleged in his Complaint herein was the sole proximate cause of the happening of the incident, and of the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiff bars recovery to Plaintiff or, in the alternative, that said Plaintiff's negligence in and about the matters alleged in the Complaint herein proximately contributed to the happening of the accident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiff requires that any damages awarded Plaintiff shall be diminished as required by the law of the State of California in proportion to the amount of fault attached to said Plaintiff.

5. AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff has failed to state a cause of action in that each of the causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

6. AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of the risk involved, assumed the risk of injuries and damages to themselves.

7. AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's unclean hands preclude any recovery by Plaintiff.

8. AS AND FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering defendants allege that the Plaintiff by virtue of his own conduct and omissions has enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiff as a result of the acts or omissions complained of herein.

ANSWER TO COMPLAINT                                5

9. AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that there is no statutory or other basis for the attorney's fees sought by Plaintiff.

10. AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the matters complained of by Plaintiff, if committed by Defendants, were consented to by Plaintiff.

11. AS AND FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable statutes and case law.

12. AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from liability herein and/or Plaintiff's claims are time barred pursuant to the provisions of California Government Code Sections 810 through 996.6.

13. AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the alleged acts or omissions of the peace officers complained of in the Complaint herein were based upon the peace officer's reasonable belief that the Plaintiff had committed crimes in the officer's presence and the officer used reasonable force to detain Plaintiff, effect the arrest, prevent the escape and/or overcome the resistance of said Plaintiff; and Defendants are therefore immune by virtue of the provisions of Section 836.5(a) and 836.5(b) of the Penal Code.

14. AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at or about the time of the alleged event, the Defendants were presented with and had in their possession sufficient facts to constitute probable cause for the arrest of Plaintiff.

15. AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, all actions taken by the Defendant officer(s) were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and Defendant officer(s) are therefore immune under the "good

faith immunity" and/or qualified immunity doctrines with derivative immunity to entity related Defendants.

16. AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that only such reasonable force as was necessary and lawful under the circumstances was used by the Defendants.

17. AS AND FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff was himself acting in a suspicious and potentially threatening manner towards the Defendant officer(s) and the Defendant officer(s) acted in self-defense and/or in the defense of others.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants prays the following relief:

1. That plaintiff take nothing by way of his Complaint herein;
2. For costs of suit;
3. For attorney's fees;
4. For such further relief as this Court may deem just and proper.

Dated: January 11, 2007

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendants
CITY OF EL CERRITO, SCOTT KIRKLAND and DONOVAN BROSAS

ANSWER TO COMPLAINT                                                   7