1  JAMES V. FITZGERALD, III (State Bar No. 55632)
   NOAH G. BLECHMAN (State Bar No. 197167)
2  McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
   PFALZER, BORGES & BROTHERS LLP
3  1211 Newell Avenue
   Post Office Box 5288
4  Walnut Creek, CA 94596
   Telephone: (925) 939-5330
5  Facsimile:  (925) 939-0203

6  Attorneys for Defendants
   CITY OF EL CERRITO, SCOTT KIRKLAND and DONOVAN
7  BROSAS

8  JOHN L. BURRIS, Esq./ State Bar # 69888
   LAW OFFICES OF JOHN L. BURRIS
9  7677 Oakport Street, Suite 1120
   Oakland, CA 94621
10 Telephone: (510) 839-5200
   Facsimile:  (510) 839-3882

11
   GAYLA B. LIBET, Esq./ State Bar # 109173
12 LAW OFFICES OF GAYLA B. LIBET
   486  41st Street, # 3
13 Oakland, CA 94609
   Telephone and Facsimile:  (510) 420-0324
14
   Attorneys for Plaintiffs
15
                 UNITED STATES DISTRICT COURT
16
              NORTHERN DISTRICT OF CALIFORNIA
17

18
   MORAJ ERANDA WEERASINGHE,              Case No. C07-05916 MEJ
19
             Plaintiff,                   **JOINT CASE MANAGEMENT
20                                         STATEMENT**

21      vs.                               Date:  February 28, 2008
                                          Time:  10:00 a.m.
22 CITY OF EL CERRITO, a municipal        Judge: Hon. Maria Elena James
   corporation; SCOTT KIRKLAND, in his
23 capacity as Chief of Police for CITY OF
   EL CERRITO; DONOVAN BROSAS,
24 individually, and in his capacity as an El
   Cerrito police officer; and, DOES 1-25,
25 inclusive,

26           Defendants.

27
        The  parties  hereby  jointly  submit  the  following  Joint  Case  Management  Statement  in
28

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1    preparation for the upcoming case management conference in this case.

2    **1. JURISDICTION AND SERVICE**

3    The parties agree that this Court has subject matter jurisdiction over all claims in this

4    action pursuant to 28 U.S.C. §§ 1331 and 1343. The parties further agree that this Court has

5    personal jurisdiction over all parties and that venue in the Northern District of California is

6    proper. All parties have been served and have appeared.

7    **2. FACTS**

8        1.    Plaintiff's Version

9    On August 23, 2006, at approximately 2:00 a.m., plaintiff MORAJ ERANDA

10   WEERASINGHE was in his vehicle with friends, parked in front of his house, located at 1415

11   Richmond Street, in El Cerrito, California. At this time, defendant police officer DONOVAN

12   BROSAS, without any just provocation or cause, drew his gun, pointed it at plaintiff, and said,

13   "Don't you fucking move, or I will shoot you." Defendant BROSAS repeated this a couple of

14   times, and called for backup. Shortly thereafter, a line of 5-10 police cars arrived and parked in a

15   line down the block.

16   Then, DOE defendant police officer came up to plaintiff, who was still sitting in his car

17   with friends, and threatened plaintiff in the same manner that defendant BROSAS had, namely:

18   DOE defendant police officer drew his gun, pointed it at plaintiff, and told him not to move or he

19   would shoot plaintiff. Then, defendant officers ordered plaintiff to exit his vehicle, and he

20   complied. Defendant officers ordered plaintiff to sit on the sidewalk curb, and he complied.

21   Plaintiff asked what was going on, and told the defendant officers that this was his car and

22   he lived in the house right there at 1415 Richmond Street, in El Cerrito, California. Plaintiff

23   added that his I.D. showed that was his address, and further offered to let the officers inside his

24   house with his house keys. Defendant officers would not listen to plaintiff. Plaintiff asked for a

25   sweater or something to keep him warm, and asked if he could get up from sitting on the curb.

26   Despite plaintiff telling defendant officers that he was suffering from back pain for which he was

27   being treated, and that his back pain was being exacerbated by sitting in the cold, defendant

28   officers refused to let him stand up, and did not give him anything to keep him warm.

JOINT CASE MANAGEMENT STATEMENT –       2
Case No. 07-05916 MEJ

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1  Defendant officers made plaintiff sit outside in the cold on the curb in front of his own

2  house for no reason for about one hour, before defendant officers finally allowed plaintiff to call

3  his brother who was inside the house, by using his cell phone. Plaintiff's brother answered the

4  phone call, and then came outside and verified to defendant officers that plaintiff owned the

5  vehicle he was sitting in, and that the house was indeed plaintiff's residence. Defendant officers

6  searched plaintiff, and then finally released him without giving him any citation.

7  2.  Defendants' Version

8  Defendants deny Plaintiff's contentions. Defendants submit that when Officer Brosas was

9  on patrol, he noticed some suspicious circumstances and behavior by Plaintiff in and around a

10  Honda vehicle (later determined to be Plaintiff's vehicle parked in front of Plaintiff's house).

11  From the perspective of Officer Brosas, there were facts and indications to the officer that

12  Plaintiff, and the nearby blacked out Toyota vehicle which had the engine running with three

13  subjects inside with dark clothing, were perhaps involved in an auto burglary or similar serious

14  crime in progress. As such, Officer Brosas made contact with his firearm drawn with Plaintiff to

15  investigate further and only briefly detained Plaintiff and the subjects from the Toyota until there

16  was a sufficient determination that no criminal activity had occurred and the subjects were

17  properly identified. Marijuana was found in the Toyota vehicle, though the subjects in that

18  vehicle were not cited.

19  3.  Principal Factual Issues Likely Disputed

20  The parties agree that the relevant factual disputes likely include the following:

21  (1)  What information did Defendant Brosas possess leading up to the detention of

22  Plaintiff and the Toyota subjects.

23  (2)  The nature of the force, if any, used by Defendant Brosas and other responding

24  officers during the detention.

25  (3) Whether there is any basis for *Monell* liability against the City of El Cerrito.

26  (4) The nature and extent of Plaintiff's alleged injuries, if any.

27  **3.  LEGAL ISSUES**

28  The principle legal issues the parties likely dispute are as follows:

(1)  Whether the force used by Defendant Brosas or other officers, if any, was used in a manner that was objectively reasonable under the circumstances;

(2)  Whether Defendant Brosas had sufficient facts to form a reasonable suspicion and/or probable cause to stop, detain and/or arrest Plaintiff;

(3)  Whether Defendant Brosas is entitled to qualified immunity for his actions.

(4)  Whether or not Defendant Brosas violated the constitutional rights of Plaintiff per the 4th and/or 14th Amendments.

(5)  Whether Plaintiff has any legitimate state law claims for damages, including claims of intentional infliction of emotional distress, assault and/or false imprisonment.

(6)  Whether there is any basis for liability against the City of El Cerrito and/or Chief Scott Kirkland.

(7)  Whether Defendants are entitled to any immunities, per state or federal law.

### 4.  **MOTIONS**

No motions are currently pending.  At this point in the proceedings, Defendants are evaluating the merits of filing a motion for summary judgment in this matter, and are likely to file such a motion in the future.  Plaintiff may file and serve motions to compel discovery, if necessary, and motions in limine.

### 5.  **AMENDMENT OF PLEADINGS**

Plaintiff may seek to file a First Amended Complaint pursuant to Stipulation and Proposed Order for Leave to File First Amended Complaint, to amend or substitute names of defendants learned through discovery for DOE defendants; and/or to amend, add, or dismiss any or all of their Causes of Action.

### 6.  **EVIDENCE PRESERVATION**

All steps necessary to preserve relevant evidence have and are being taken by the parties.

### 7.  **DISCLOSURES**

The parties have agreed to exchange initial disclosures per FRCP 26 prior to the upcoming case management conference, meaning no later than by February 27th.

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

## 8. **DISCOVERY**

To date, there has been no discovery exchanged between the parties. Defendants anticipate serving Interrogatories, Requests for Production and Request for Admissions on Plaintiff. Defendants also anticipate noticing the depositions of Plaintiff, and perhaps other percipient witnesses, if any are disclosed by Plaintiff. Other discovery by Defendants is unknown at this point. Plaintiff requests that defendants serve both of plaintiffs' counsel, John L. Burris, Esq., and Gayla B. Libet, Esq., with separate sets of Defendants' Initial Disclosure Statement and accompanying documents.

The parties will meet and confer regarding El Cerrito Police Department Internal Affairs documents regarding any investigation and/or findings re the subject incident, and any prior history of excessive force; false detentions and arrests; and/or treating persons in a manner that is racially discriminatory by defendant officers in the five years before the date of the subject incident.

Plaintiff plans to serve Special Interrogatories and Requests for Production of Documents on defendants. Plaintiff has not yet decided what depositions will be taken.

A. A maximum of fifty (50) Interrogatories by each party to any other party shall be permitted.

B. A maximum of fifty (50) Requests for for Production of Documents by each party to any other party shall be permitted.

C. A maximum of twenty-five (25) Requests for Admission by each party to any other party shall be permitted.

D. At this time, the parties do not agree to limit the number depositions that shall be permitted by all parties.

E. The parties will meet and confer regarding the scheduling of any independent medical examination of plaintiff.

F. All reports from retained experts, if any exist, shall be disclosed at the time the expert is designated.

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1    G.  The  Federal Rules of Civil Procedure shall govern all responses and

2    supplementations.

3    **9.  CLASS ACTIONS**

4    This case is not a class action.

5    **10. RELATED CASES**

6    The parties are not aware of any pending cases related to this action.

7    **11. RELIEF**

8    Plaintiff is seeking relief in this action, as follows:

9    1.  For general damages in the sum of $ 100,000.00;

10   2.  For special damages according to proof;

11   3.  For punitive damages against defendant police officers DONOVAN BROSAS and

12   DOES 1-10, inclusive, according to proof;

13   4.  For injunctive relief enjoining defendant CITY OF EL CERRITO from authorizing,

14   allowing, or ratifying the practice by any of their employees of making unreasonable and

15   wrongful assaults on persons; effecting unreasonable and improper arrests, detentions, and

16   imprisonments of persons; and, from treating persons in a manner that is racially discriminatory,

17   in violation of  California Civil Code Section 52.1;

18   5.  For violation of California Civil Code Sections 52 and 52.1, punitive damages against

19   defendant police officers DONOVAN BROSAS and DOES 1-10, inclusive; $ 75,000.00 for each

20   offense; and reasonable attorney's fees;

21   6.  For reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988;

22   7.  For costs of suit herein incurred; and,

23   8.  For such other and further relief as the Court deems just and proper.

24   The medical records thus far obtained for plaintiff's relevant treatment and diagnosis:

25   A.  Incomplete records from Kaiser Permanente/ Dates Treated:   8-25-06 and 9-25-06/

26   Physician stated on these records that plaintiff can return to duties at work with no restrictions on

27   8-28-06, due to his injuries incurred on 8-23-06; and,

28

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1    B.  Medical report, dated 7-19-07, from Dr. Christoph Muehlinghaus, Chiropractor

2    (License # DC 67626), and professor of anatomy, 1940 Webster Street, Suite 200, Oakland, CA

3    94612 / Telephone: (510) 393-5176 and (510) 326-0684/ Facsimile:  (510) 228-1660 / Dr.

4    Muehlinghaus states that he treated plaintiff on 8-23-06 (and ongoing dates afterwards) for severe

5    low back pain exacerbated by mistreatment by defendant police officers the night before; noted

6    increase in muscle tension and tenderness to touch and pressure, in low and mid back, and

7    increase in inflammation; his low back disability had jumped from 52% to 88%, a 36% increase

8    in one week; complaints of sleepless nights anxiety attacks; and fear of leaving his house for

9    months following the subject incident.  He states he is plaintiff's primary caregiver helping him

10    with a work-related injury that began before the subject incident and was exacerbated greatly by

11    the subject incident, causing significant relapse in his condition and healing process.

12    **NOTE:**  Plaintiff will obtain complete Medical records and billing statements from Kaiser

13    Permanente and Dr. Muehlinghaus; and obtain complete wage loss documentation.  Copies of

14    these documents will be provided to defense counsel upon our receipt of same.

15    Defendants have not yet been able to evaluate the claimed relief and damages sought by

16    Plaintiff.

17    **12. SETTLEMENT AND ADR**

18    The parties have not yet engaged in any formal settlement or ADR procedures.  However,

19    the parties have agreed to participate in a court sponsored mediation and are in the process of

20    filing relevant documents per ADR local rules regarding this agreement.  The parties submit that

21    the matter will be ready for ADR after some written discovery and Plaintiff's deposition is

22    completed, likely in the next ninety (90) days.

23    **13. CONSENT TO A MAGISTRATE FOR ALL PURPOSES**

24    The parties have agreed to have this matter adjudicated for all purposes by a United States

25    Magistrate Judge and are currently assigned to Your Honor.

26    **14. OTHER REFERENCES**

27    No references are necessary.

28

### 15. <u>NARROWING OF ISSUES</u>

Defendants seek to have Plaintiff narrow the issues in this matter via discovery, if possible. If these efforts are not successful, then Defendants will seek to narrow the issues through appropriate motions. At this early point, it is too early to be able to determine how any issues can be narrowed for the presentation of evidence at trial. Defendants will likely seek bifurcation of the liability and damages portions of the trial in the interests of judicial economy, as well as the *Monell* claim.

### 16. <u>EXPEDITED SCHEDULE</u>

This case does not appear to be ripe for an expedited schedule.

### 17. <u>SCHEDULING</u>

<u>**Proposed Schedule**</u>

| Event | Proposed Deadline |
|---|---|
| Deadline to add or substitute parties/claims without leave | One month after date of service of defendants' Responses to plaintiff's written discovery (Plaintiff will serve written discovery after the upcoming CMC). |
| Deadline to Complete ADR Mediation | End of June or July 2008 |
| Date of Next Case Management Conference | Mid-August 2008. |
| Completion of non-expert discovery | September 30, 2008 |
| Expert Disclosure Deadline | October 31, 2008 |
| Rebuttal Expert Disclosure Deadline | November 14, 2008 |
| Completion of Expert Discovery | December 19, 2008 |
| Last Day to Hear Dispositive motions | January 26, 2009 |
| File Pre-Trial Conference Statements | March 20, 2009 |
| Pre-Trial Conference (subject to Court's availability) | March 30, 2009 |
| Trial Date (subject to Court's availability) | April 20, 2009 |

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1

**18. TRIAL**

This case will be tried before a jury. The parties anticipate that the trial will last approximately five (5) to seven (7) court days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES/PERSONS**

The parties have no such interest to report.

**20. OTHER MATTERS**

There does not appear to be any other matters needing discussion at this point.

Dated: February ___, 2008          LAW OFFICE OF GAYLA B. LIBET

By: _See Attached_
Gayla B. Libet, Esq.
Attorneys for Plaintiff

Dated: February ___, 2008          LAW OFFICES OF JOHN L. BURRIS

By: _See Attached_
John L. Burris, Esq.
Attorneys for Plaintiff

Dated: February ___, 2008          MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _See Attached_
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendants
CITY OF EL CERRITO, SCOTT KIRKLAND and
DONOVAN BROSAS

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

Dated: February 20, 2008    LAW OFFICES OF GAYLA B. LIBET

By: _____
Gayla B. Libet, Esq.
Attorneys for Plaintiff

Dated: February 20, 2008    LAW OFFICES OF JOHN L. BURRIS

By: _____
John L. Burris, Esq.
Attorneys for Plaintiff

Dated: February 21, 2008    McNamara, Dodge, Ney, Beatty, Slattery,
Pfalzer, Borges & Brothers LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendants
CITY OF EL CERRITO, SCOTT KIRKLAND
and DONOVAN BROSAS